UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/18/2016

AUSTIN CORNELIUS,

                Petitioner,

      v.

ANDREW CUOMO,

                Respondent.

No. 15-CV-1644 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Austin Cornelius moves *pro se* for a writ of habeas corpus, challenging his June 10, 2010 conviction for second degree burglary. Cornelius contends that the trial court erred in instructing the jury on the intent required for injury that occurs during a burglary and by failing to give the jury a separate instruction on self-defense, known in New York as justification. He further claims ineffective assistance of appellate counsel based on his attorneys' failures to raise this jury instruction claim on direct appeal. Cornelius also raises a prosecutorial misconduct claim based on the prosecution's alleged use of perjured testimony, and a *Brady* claim based on the prosecution's alleged failure to turn over certain surveillance video. On November 5, 2015, Magistrate Judge Sarah Netburn issued a Report and Recommendation (the "Report") recommending that this Court deny the Petition, to which Cornelius objected. For the following reasons, the Court finds Cornelius's objections unpersuasive and adopts the thorough and well-reasoned Report in its entirety. The Petition is therefore denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history underlying the Petition. Only the facts relevant to Cornelius's objections are set forth below.

## I. Factual Background

At trial, Dario Delacruz, a Duane Reade Loss Prevention Officer, testified that on January 30, 2009 he observed Cornelius on a video surveillance feed in the East 58th Street Duane Reade store placing disposable cameras into his backpack. Tr. 102–04.[1] Delacruz approached Cornelius and Cornelius turned over his backpack. Tr. 103. When Delacruz then attempted to handcuff Cornelius, Cornelius resisted and, according to Delacruz, got "more and more aggressive." Tr. 104. Delacruz testified that he "felt threaten [*sic*] [Cornelius] was going to attack" so he grabbed him and tried to pull him down. Tr. 105–06. A physical altercation ensued during which Cornelius scratched Delacruz and poked him in the eye. Tr. 106–07. Cornelius then ran out of the store, and, while Delacruz pursued him, Cornelius swung and hit Delacruz with the handcuff that was still attached to his wrist. Tr. 107. Cornelius was able to evade arrest at that time but he was arrested several days later. On cross-examination, Delacruz testified that he turned over certain video surveillance to the police during the investigation, but that not all of the footage was turned over because, when he made the copy, he and the police officers had been rushed. Tr. 139–40.

Cornelius presented a different version of these events, testifying that that he had not intended to steal the cameras but to purchase them. Tr. 167–69. He also claimed that Delacruz and another Duane Reade employee initiated the physical altercation and that he fought back only to protect himself. Tr. at 162.

At the conclusion of testimony, the trial court instructed the jury on second and third degree burglary. Cornelius's counsel did not request a justification instruction. During deliberations, the jury asked to be recharged on second degree burglary, querying whether, "it matter[s] how the injury during the course of the burglary happened? Is it enough that an injury happened, regardless

---

[1] Tr. refers to the trial transcript, and citations to SR refer to the State Record.

of who provoked the injury?" Tr. 276–77. Cornelius's counsel urged the court to reread the second degree jury charge and "object[ted] to [the court] giving any answers or any description" in response to the jury's questions. Tr. 277. The prosecution, in turn, sought for the trial court to advise the jury that "there's no intent element with regards [*sic*] to the physical injury in the burglary charge itself." Tr. at 278. The court ultimately instructed the jury that it "doesn't matter" who "provoked the injury . . . as long as the defendant caused the injury." Tr. 284. Defense counsel objected to the court's instruction, but still did not request a justification instruction. The jury came back with a guilty verdict, and Cornelius was sentenced to ten years in prison. Tr. 286; SR at 13.

## II.  Procedural History

On appeal, Cornelius, through his counsel, filed a 62-page brief, which, *inter alia*, argued that Cornelius's ten-year sentence was excessive. SR at 1–71. On July 31, 2015 the Appellate Division affirmed Cornelius's convictions but, finding the sentence excessive, reduced his prison term to seven years. *People v. Cornelius*, 89 A.D. 3d 595, 595–96 (1st Dep't 2011). Cornelius's counsel then sought leave to appeal to the New York Court of Appeals. SR at 190–201. Leave was granted, but the Court of Appeals ultimately rejected the arguments raised in appellate counsel's 65-page brief and affirmed Cornelius's conviction. *People v. Cornelius*, 20 N.Y.3d 1089, 1089 (N.Y. 2013); SR at 208–85.

On July 31, 2015, Cornelius petitioned *pro se* for a writ of error *coram nobis* to the Appellate Division. SR at 392–476. The petition argued that appellate counsel was ineffective in that they failed to challenge the trial court's failure to give a justification instruction and that the prosecution's failure to turn over a fourth surveillance video was a *Brady* violation. *Id.* The Appellate Division denied the petition and the Court of Appeals subsequently denied leave to

3

appeal. SR at 492, 497. On March 3, 2015, Cornelius filed the instant petition pursuant to 28 U.S.C. §2254. On November 5, 2015, Judge Netburn issued the Report, which recommends that the Petition be denied. Cornelius filed objections to the Report on December 4, 2015.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12-CV-3774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014); 28 U.S.C. § 636(b)(1). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli*, 2014 WL 2440771, at *5 (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002). "This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest." *Ganao v. United States*, No. 08-CV-9313 (RO), 2011 WL 924202, at *2 (S.D.N.Y. Mar. 16, 2011).

## DISCUSSION

### I.  Jury Instruction Claim

Cornelius first objects to the Report's rejection of his justification argument. In New York, "[a] person is guilty of burglary in the second degree when he knowingly enters or remains

4

unlawfully in a building with intent to commit a crime therein, and when [i]n effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime" commits one of four aggravating elements. N.Y. Penal Law § 140.25.[2] The relevant aggravating element here is that Cornelius caused "physical injury to any person who is not a participant in the crime." *Id.* While Cornelius admits that he caused injury to Delacruz, a non-participant, he asserts that he did so in self-defense as evidenced by his own testimony and the jury's question on the scienter requirement for the aggravating element of causing physical injury. Construing his Petition liberally, he appears to argue that the trial court erred both in (i) instructing the jury in response to its note that it "doesn't matter" who "provoked the injury . . . as long as the defendant caused the injury," Tr. 284; and (ii) failing to give a separate instruction on justification. Both arguments are unavailing.

The trial court correctly instructed the jury on the scienter required for the physical injury aggravating element. Under New York law, a defendant who "knowingly enters or remains unlawfully in a building with intent to commit a crime therein," N.Y. Penal Law § 140.25, is strictly liable for physically injury that he or another participant caused during that burglary, *cf. People v. Vicioso*, 116 A.D.3d 1250, 1251 (N.Y. App. Div. 2014) (stating in the robbery context that "strict liability for an aggravating circumstance attaches to an accomplice, regardless of [his or her] degree of intent, knowledge or conduct with respect to the aggravating circumstance"). As the commentary to the New York Penal Code explains,

> The causing of "physical injury" is an element of strict liability in that it matters not what the defendant's *mens rea* was upon causing the physical injury. And, the person who suffers the physical injury need not be the victim of the burglary. Liability attaches once the

---

[2] The four aggravating elements for second degree burglary occur when the defendant "or another participant in the crime: (a) [i]s armed with explosives or a deadly weapon; or (b) [c]auses physical injury to any person who is not a participant in the crime; or (c) [u]ses or threatens the immediate use of a dangerous instrument; or (d) [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." N.Y. Penal Law § 140.25.

> physical injury is caused to "any" person who was not a participant in the burglary.

Donnino, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 39, Penal Law § 140.00. Contrary to Cornelius's argument, a defendant is thus guilty of second degree burglary when a non-participant is physically injured irrespective of whether the burglary participant caused the injury on purpose, by accident, or in self-defense. The trial court's instruction in response to the jury note was an accurate one.

For similar reasons, there was no basis for a separate justification instruction. Because Cornelius was strictly liable for any physical injuries he caused to Delacruz, the jury could not excuse his conduct even if it was in self-defense. In any event, the Court's failure to give a separate justification instruction was not error because "a trial court is not obligated to instruct a jury that justification is a defense to burglary." *Jennis v. McCray*, No. 03-CV-702 (NAM) (RFT), 2006 WL 2792737, at *4 (N.D.N.Y. Sept. 17, 2006) (citing *People v. Santiago*, 166 A.D.2d 362 (N.Y. App. Div. 1990); *People v. Bess*, 107 A.D.2d 844, 846 (N.Y. App. Div. 1985)).

As Cornelius's arguments on self-defense are unpersuasive, his objection is rejected.

## II. Ineffective Assistance of Appellate Counsel Claim

Cornelius next objects to the Report's rejection of his ineffective assistance of counsel claim, arguing that his attorneys' failure to raise this jury instruction claim on appeal proves that they were inadequate. Consistent with the Report's conclusion, however, appellate counsel "'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Given that Cornelius's alleged justification for physically injuring Delacruz did not constitute a defense to his conviction for second degree burglary, there was neither inadequate performance nor prejudice under "the

6

well-known two-part test of *Strickland v. Washington,* 466 U.S. 668 (1984)." *Woodard v. Chappius,* 631 F. App'x 65, 66 (2d Cir. 2016). Indeed, the record here suggests that Cornelius's attorneys provided him with effective counsel on appeal, among other things, successfully arguing for a reduction of sentence. The Court thus adopts the Report's recommendation that "[t]he Appellate Division's denial of Cornelius's ineffective assistance claim was not an unreasonable application of *Strickland.*" Report at 9.

## III. Prosecutorial Misconduct and *Brady* Claims

The Court also agrees with the Report's finding that, because the prosecutorial misconduct claim was raised for the first time in his Petition, it is barred by procedural default from *habeas* review on the facts here. With respect to Cornelius's *Brady* claim, even if the Court were to assume that it was properly raised in his Petition, there is no evidence in the record to establish that the prosecution was in possession of the video, nor even aware, prior to the trial, that Delacruz had not turned over all of the footage to the police. There is also nothing in the record to support Cornelius's claim that the footage would be exculpatory. Cornelius's speculation that the "prosecutor must have inquired" about the footage, and that it "could have been used to show" that he did not conceal merchandise, Obj. 4–5, are insufficient to raise a *Brady* claim, *see Mallet v. Miller,* 432 F. Supp. 2d 366, 377 (S.D.N.Y. 2006) ("It is well established that the mere speculation that exculpatory evidence was withheld is insufficient to warrant habeas relief.").

## CONCLUSION

Petitioner's arguments are without merit. The Court has reviewed the portions of the Report not objected to and finds no clear error. The Petition is accordingly denied and the action is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:   August 18, 2016
         New York, New York

                                           _____
                                           Ronnie Abrams
                                           United States District Judge